UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LEWIS DAVID,

        Petitioner,        Case No. 1:07-cv-83

v.        Honorable Gordon J. Quist

MARY BERGHUIS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it fails to state a federal claim.

**Discussion**

I.      Factual allegations

Petitioner is presently incarcerated at the Earnest C. Brooks Correctional Facility. In 2004, he was convicted by a Kent County jury on two counts each of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS § 750.520b(1)(a), and second-degree criminal sexual conduct (CSC II), MICH. COMP. LAWS § 750.520c(1)(a), for sexual contacts with his two minor daughters. Petitioner was acquitted on a third count of CSC I. On July 6, 2004, the circuit court sentenced Petitioner as a second habitual offender to twenty to forty years' incarceration on the CSC I convictions, and eight to twenty-two-and-a-half years on the CSC II convictions, to be served concurrently.

Petitioner appealed to the Michigan Court of Appeals, which affirmed his convictions and sentences on March 2, 2006. The Michigan Supreme Court denied leave to appeal on July 31, 2006 because it was not persuaded it should review the issues raised. Petitioner did not seek certiorari in the United States Supreme Court; nor did he file a motion for relief from judgment under Michigan Court Rule 6.500 *et seq*.

In his *pro se* application for habeas relief, Petitioner contends he is entitled to re-sentencing because the trial court mis-scored offense variables (OV) 5 and 11 at sentencing. (Pet. at 2, 4). Petitioner specifically claims that he should not have been scored 15 enhancement points on OV 5 because he was not charged with the enumerated offenses therein; and that he should not have been scored 50 points for two or more penetrations on OV 11, because the court erroneously used a penetration that was the basis for the CSC I charge on which he was acquitted. (Pet. at 4).

II.     Standard of review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001), cert. denied, *Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655.  This Court also may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 944 (6th Cir. 2000).  Thus, the inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 317-18 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court; (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 405-07); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer*, 255 F.3d at 316. The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943. However, the Sixth Circuit recently has clarified

that where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts *de novo* review. *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 -47(1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I recommend that Petitioner is not entitled to relief.

III.  Merits

Petitioner argues that the trial court's error in mis-scoring offense variables 5 and 11 of the Michigan Sentencing Guidelines entitles him to re-sentencing on his convictions. (Pet. at 2, 4). In conducting habeas review, a federal court may grant a writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000) (Breyer, J. & Stevens, J., concurring); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2004). The Supreme Court has made

it clear that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("reemphasiz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because Petitioner's claims do not implicate the United States Constitution, laws, or treaties, they are not cognizable on federal habeas corpus review.

Claims concerning the improper scoring of sentencing guidelines are state law claims and are typically not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court could set aside, "on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (Citation omitted). A sentence may violate due process if it is based upon of material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

In the present case, no "misinformation of constitutional magnitude" is present with regard to offense variables 5 or 11.[1] On appeal, the prosecution acknowledged that OV 5, MICH. COMP. LAWS § 777.35 (psychological injury to a member of the victim's family) should not have

---

[1] I note that in his application Petitioner does not specifically allege a violation of his Fourteenth Amendment – or any other particular constitutional – right. Rather, he argues only that the trial court's scoring was incorrect and Petitioner is therefore entitled to resentencing. (*See* Pet. at 2, 4). I will nevertheless assess Petitioner's allegations for any possible constitutional implication warranting habeas relief.

- 7 -

been scored for Petitioner's CSC convictions. *See People v. David*, No. 257332, 2006 WL 515449, at *1 (Mich. Ct. App. Mar. 2, 2006). The trial court therefore plainly erred in scoring 15 points on OV 5. *Id*. However, as noted by the Michigan Court of Appeals, under Michigan sentencing law, "[a]n erroneous score which, when corrected, would not result in a different recommended sentencing range does not require resentencing." *David*, 2006 WL 515449, at *1 (citation omitted). When adjusted to exclude the 15 points erroneously scored on OV 5, Petitioner's total OV score of 95 would be reduced to 80 points, which falls within the same offense level for Petitioner's offense (which has a range of 80-99 points). *Id*. In light of the fact that Petitioner would have been sentenced within the same range even without the mis-scored 15 points on OV 5, the 15-point error was not so egregious as to entail a denial of Petitioner's Fourteenth Amendment rights, nor was it so disproportionate to Petitioner's crime as to be "completely arbitrary and shocking." *See Koras*, 123 F. App'x 207, 213; *Doyle*, 347 F. Supp. 2d at 485. Thus, Petitioner's OV 5 argument does not rise to the level of a federal claim warranting habeas relief.

Petitioner's claim with regard to the alleged mis-scoring of OV 11 likewise does not implicate a federal Constitutional right. Offense variable 11, MICH. COMP. LAWS § 777.41 (number of criminal sexual penetrations), instructs the trial court to assign 50 points if there are two or more penetrations, excluding the one penetration that forms the basis of the CSC I offense. MICH. COMP. LAWS § 777.41(1)(c); *People v. McLaughlin*, 672 N.W.2d 860, 883 (Mich. Ct. App. 2003). Petitioner contends that the trial court erred when it assigned him 50 points for two or more penetrations because one of the penetrations used was the basis of the CSC I count on which he was acquitted. Pet. at 4; *David*, 2006 WL 515449, at *1. The Michigan Court of Appeals noted, under well-settled state law, that a factor need only be shown by a preponderance of the evidence, not

beyond a reasonable doubt, to be considered at sentence scoring. *David*, 2006 WL 515449, at *1. The court of appeals further held that the penetrations alleged on the CSC I charge on which Petitioner was acquitted were in fact shown by a preponderance of the evidence at trial. *Id*. at *2. Petitioner does not cite any U.S. Supreme Court precedent precluding factors shown by a preponderance of the evidence to be considered at scoring, nor could he. The penetration shown by a preponderance of the evidence clearly does not entail "misinformation of constitutional magnitude." See *Koras,* 123 F. App'x at 213 (quoting *Roberts,* 445 U.S. at 556). I further find that a score of 50 points on OV 11 did not prompt a sentence "so disproportionate to the crime as to be completely arbitrary and shocking." *See Doyle*, 347 F. Supp. 2d at 485. Therefore, Petitioner's argument on OV 11 is a state law claim that is not cognizable on habeas review.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it fails to state a federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  February 13, 2007           /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).