UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DAVID,

        Petitioner,

v.

        Case No. 1:07-cv-83
        Hon. Janet T. Neff

MARY BERGHUIS,

        Respondent.

_____/

**ORDER**

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is now before the court on petitioner's "letter motion" to hold his habeas petition in abeyance" (docket no. 7). In his motion, petitioner seeks to have this court hold his petition in abeyance so that he can file a motion for relief from judgment pursuant to M.C.R. § 6.500 "raising new issues" to present in his habeas petition.

On February 13, 2007, several weeks prior to petitioner's "letter motion," I recommended dismissal of the petition because it failed to state a federal claim. A district court has the discretion to stay a habeas corpus proceeding "in limited circumstances." *Rhines v. Weber*, 544 U.S. 268, 277 (2005). The Supreme Court indicated that the "stay and abeyance" procedure may be employed when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims. *Id.* *See Poindexter v. Mitchell*, 454 F.3d 564, 570 fn. 2 (6th Cir. 2006) ("courts now have discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state court, and then return to federal court"). However, the court should not utilize the "stay and abeyance" procedure frequently since doing so undermines the purposes of

the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), i.e., to encourage finality and streamline the federal habeas proceedings. *Rhines*, 544 U.S. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Upon due consideration, the court finds that petitioner is not entitled to a "stay and abeyance" of his habeas petition. First, petitioner did not file a mixed habeas petition in this case. Rather, his petition failed to raise any federal claims. Second, even if petitioner had filed a mixed petition, he has not established good cause for failing to exhaust any particular federal claim. Indeed, his motion does not even identify a federal claim to be raised in the state courts.

Accordingly, petitioner's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 25, 2008 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge